GURDON *v.* DeLAUGHTER.

Opinion delivered June 13, 1927.

MUNICIPAL CORPORATIONS—RIGHT TO RECOVER ON APPEAL BOND.—Where,
     on appeal to the circuit court from a conviction in a mayor's
     court of violating a city ordinance, defendant failed to appear,
     and the appeal was dismissed and the cause remanded with
     directions to enforce the judgment, the city was authorized to
     bring suit against the surety on the appeal bond in a justice's
     court; the remedy by suit in the circuit court, under Crawford &
     Moses' Dig., § 7559, not being exclusive.

Appeal from Nevada Circuit Court; *James H.
McCollum,* Judge; reversed.

*G. W. Matthews,* for appellant.

HUMPHREYS, J. This is an appeal from the circuit
court of Nevada County dismissing the complaint of
appellant seeking to recover one hundred dollars from
appellee as surety upon an appeal bond which he signed

for J. C. Shankles, who took an appeal to the circuit court of Clark County from a judgment of conviction in the mayor's court of Gurdon, Arkansas, for transporting whiskey, in violation of a city ordinance of said city. When the case for unlawfully transporting liquor was called for trial in the circuit court of Clark County, J. C. Shankles failed to appear, whereupon his appeal was dismissed and the cause remanded to the mayor's court of Gurdon, with directions to enforce the judgment. Immediately after giving the appeal bond J. C. Shankles left the city, so this suit was brought before a justice of the peace in Nevada County against appellee on the bond, where a judgment was obtained, from which judgment an appeal was duly prosecuted to the circuit court of Nevada County. The appeal bond contained a provision that, in case the appeal was dismissed, the obligors therein would pay the judgment of the mayor's court, together with the costs of the appeal.

On trial anew in the circuit court of Nevada County the court decided that the exclusive remedy of appellant herein on the appeal bond was to have taken judgment by default thereon in the circuit court of Nevada County. Appellee had such remedy, and it was the most direct and appropriate one, but certainly not the exclusive one. Section 7559 of Crawford & Moses' Digest provides for the recovery of fines, penalties and forfeitures by a municipal corporation in addition to any other mode provided, in any court of competent jurisdiction. Aside from this statute, the bond was an undertaking upon which suit might be brought for a breach thereof wherever service could be obtained upon the obligors.

The judgment dismissing the complaint of appellant is therefore reversed, and judgment will be entered here for one hundred dollars and costs against appellee.